**CROWN FINANCIAL CORPORATION, Plaintiff-Appellee,**

v.

**WINTHROP LAWRENCE CORPORATION and Lammot DuPont Copeland, Jr., Defendants,**

and

**Diversified General, Inc., Intervenor-Appellant.**

No. 524, Docket 75–7505.

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1976.

Decided Feb. 18, 1976.

Roy E. Pomerantz, New York City (Stephen A. Postelnek and Kroll, Edelman, Elser & Wilson, New York City, of counsel), for intervenor-appellant.

Albert M. Gross, New York City (Arthur E. Neuman, Washington, D. C., and Stuart R. Wolk, New York City, of counsel), for plaintiff-appellee.

Before MEDINA, MULLIGAN and GUR-FEIN, Circuit Judges.

PER CURIAM:

Plaintiff-appellee Crown Financial Corporation ("Crown") obtained a default judgment for $297,116.54, which it entered against defendant Winthrop Lawrence Corporation ("Winthrop Lawrence"), in an action brought in the Southern District of New York on a promissory note, on November 25, 1970. Crown registered this judgment with the County Clerk of Madera County, California, as a lien against 100 acres of real property owned by Winthrop Lawrence in that county, on December 28, 1970.

Three and one-half years later, in June 1974, intervenor-appellant Diversified General, Inc. ("Diversified") bought these 100 acres from the receiver in bankruptcy of Winthrop Lawrence.

Diversified then discovered that at the time the judgment in favor of Crown was entered in the Southern District, there was an outstanding order issued by the Bankruptcy Court in Maryland staying all proceedings against Winthrop Lawrence, which had filed a petition under Chapter XI of the Bankruptcy Act in the District of Maryland on November 10, 1970.

Diversified moved on May 2, 1975, to intervene in the Southern District action, Fed.R.Civ.P. 24(a)(2), and to set aside the judgment under Fed.R.Civ.P. 60(b)(4), contending that the judgment was void because it was entered after the Bankruptcy Court had entered its stay order. Judge Metzner denied the motion. This appeal is taken from the denial by Judge Metzner of Diversified's motion.

We need not decide the merits of the contention that the judgment was void or the efficacy of a stay order not served personally on the creditors, for we have concluded that the denial of intervention was within the discretion of the District Court and properly exercised.

Appellant argues that it should have been permitted to intervene as of right under Rule 24(a) since it "claims an interest relating to the property or transaction which is the subject of the action." Appellant is wrong. The subject of the action in the Southern District was the collection of a debt due to Crown from Winthrop Lawrence. The intervenor had no interest in the debt. The California real property was not the "subject of the action." Diversified could not have intervened as of right under Rule 24(a).

Furthermore, the proposed intervention was not "upon timely application" as the Rule requires. It was made more than four years after the action in the Southern District had been terminated by judgment. "Intervention after judgment is unusual and not often granted." 3B Moore, *Federal Practice* ¶ 24.13[1], at 24–526; see, *e. g., Nevilles v. EEOC,* 511 F.2d 303, 305–06 (8 Cir. 1975); *Black v. Central Motor Lines, Inc.,* 500 F.2d 407 (4 Cir. 1974); *Firebird Society of New Haven, Inc. v. New Haven Board of Fire Commissioners,* 66 F.R.D. 457, 464–65 (D.Conn.), *aff'd mem.,* 515 F.2d 504 (2 Cir. 1975).[1]

Since we find that Judge Metzner did not abuse his discretion, we affirm his denial of Diversified's motion to intervene. Our decision against intervention is, of course, without prejudice to any relief that Diversified may seek in any other court, state or federal.

---

1. There may be an exception to the general rule where the intervenor after judgment simply seeks to protect its subrogation interest in a fund which has not yet been distributed. See *McDonald v. E. J. Lavino Co.,* 430 F.2d 1065 (5 Cir. 1970).