UNITED STATES of America, Plaintiff,

v.

STATE OF NEW YORK, et al., Defendants.

No. 77–CV–343.

United States District Court, N.D. New York.

Sept. 12, 1983.

Bertram E. Hirsch, Floral Park, N.Y., for proposed intervenors Vernon Thompson, Association on American Indian Affairs, Inc., and The Oneida Indian Nation of New York.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., for defendants; Alan S. Kaufman, Asst. Atty. Gen., Albany, N.Y., of counsel.

Kerri P. Weisel, Civ. Rights Div., Washington, D.C., for plaintiff. (Neither opposes or agrees to motion to intervene).

JAMES T. FOLEY, Senior District Judge.

MEMORANDUM–DECISION and ORDER

The United States filed the Complaint in this action against the State of New York and the Superintendent of the New York State Police on September 8, 1977. It alleged discriminatory employment practices

in regard to blacks, Spanish-surnamed Americans and females in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the provisions of the State and Local Fiscal Assistance Act of 1972, as amended, 31 U.S.C. § 1221 et seq., the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 42 U.S.C. § 3766(c), and violation of rights protected by the Fourteenth Amendment to the Constitution of the United States. After a total of twenty-four trial days and the submission by the parties of extensive briefs and detailed proposed findings of fact and conclusions of law, I issued 255 findings of fact and 36 conclusions of law which constitute the decision in this case. My published decision in 475 F.Supp. 1103 (N.D.N.Y.1979) reviewed previous rulings in the case and set forth my philosophical and legal reasons for my findings and conclusions. On October 19, 1979, the final decree was agreed upon and entered. No appeal was filed by any of the parties to the Court of Appeals, Second Circuit.

In brief, the state defendants were ordered by the final decree to include in their future appointments to the position of trooper qualified blacks and Spanish-surnamed Americans totalling approximately 40% of each class until the total representation of such group of individuals approximately reflects their composition in the relevant labor market. The state defendants were also ordered to include in their future appointments to trooper qualified women totalling approximately 10% of each class over the two years following the decree. After two years, the defendants could move for modification of the decree in regard to female appointments. No motion for modification has been filed to present date. The remaining approximately 50% of each class was "open to white males and other minority groups not involved in this action." *United States v. State of New York,* 475 F.Supp. 1103, 1111 (N.D.N.Y.1979). The Court retained jurisdiction of this action "for such further relief or other orders, if necessary and appropriate, and to ensure implementation of and compliance with the relief granted...."

Now before the Court is a motion filed on behalf of the Association on American Indian Affairs, Inc., a private non-profit organization incorporated under the laws of the state of New York and consisting of approximately 50,000 members; the Oneida Indian Nation of New York, a federally recognized Indian tribe consisting of approximately 1,000 members located in central New York; and Vernon Thompson, a member of the Oneida Indian Nation of New York, for intervention pursuant to Fed.R.Civ.P. 24(a) and alternatively, pursuant to Fed.R.Civ.P. 24(b). The proposed intervenors claim discrimination exists in the hiring of American Indians as state troopers as a result of the final decree in this action because American Indians are treated in the same manner as white males, rather than being treated as blacks or Spanish-surnamed Americans. As relief, the intervenors would seek to modify the final decree to have the defendants ordered to include in their future appointments to the position of trooper qualified American Indians totalling approximately 1% of each class until the total representation of American Indians approximately reflects their composition in the relevant labor market. The 40% goal set in the final decree for appointment of blacks and Spanish-surnamed Americans would be reduced to 39% under the intervenors' proposed modification of the final decree to reflect the treatment in processing and appointments to be accorded American Indians.

For individual relief, the proposed intervenor, Vernon Thompson, seeks employment as a state trooper in the class commencing October 3, 1983. In Thompson's affidavit in support of his motion for intervention, he states that in 1981 he took the qualifying examination for appointment as a state trooper and received a score of 96. He was not reached for appointment with this relatively high score. However, he alleges that under the provisions of the final decree in this action, blacks and Spanish-surnamed Americans were appointed who had scored lower passing grades on the

1981 qualifying examination. Thompson again took the state trooper qualifying examination in 1983 and scored a total score of 90. He contends that this score would again make him eligible for appointment as a state trooper only if there is a 1% goal set for the hiring of American Indians.

The attorneys for the intervenors and the defendants appeared in chambers on August 15, 1983 for oral argument on the motion for intervention. The plaintiff United States did not appear or respond to the motion at that time. However, upon order of this Court, the United States submitted a response which states that "The United States does not have available the facts necessary to respond to the Motion to Intervene and therefore has neither opposed nor agreed to the Motion . . ."

During his argument in support of intervention, the attorney for the intervenors stated that based on statistics stated by Assistant Attorney General Kaufman, he did not think that a disparate impact could be proved in regard to American Indians. This was due to the fact that it was disclosed that there are presently seven American Indians on the New York State Police and four more are being processed for entry into the class commencing October 3, 1983. However, the attorney for the intervenors argued that Indians were discriminated against as a consequence of the final decree because "Indians are now at a competitive disadvantage in comparison to what they had without any decree at all because they have to compete against white males." Finally, he argued earnestly and sincerely that equitable consideration should govern and be applied to favor the entry of American Indians into the New York State Police.

For the reasons stated hereinafter, the proposed intervenors' motion to intervene in this action pursuant to Fed.R.Civ.P. 24(a) and alternatively, pursuant to Fed.R.Civ.P. 24(b) is hereby denied.

## DISCUSSION

The proposed intervenors seek to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2) and alternatively, they seek permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2). Under Rule 24(a)(2):

> . . . anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

See *LaRouche v. Federal Bureau of Investigation,* 677 F.2d 256 (2d Cir.1982); *Athens Lumber Co., Inc. v. Federal Election Commission,* 690 F.2d 1364 (8th Cir.1982); *New Orleans Public Service, Inc. v. United Gas Pipeline Co.,* 690 F.2d 1203 (5th Cir.1982); *Gautreaux v. Pierce,* 690 F.2d 616 (7th Cir. 1982). See generally 7A Wright & A. Miller, Federal Practice and Procedure §§ 1908–09 (1972 & 1982 Supp.). "The district court is entitled to the full range of reasonable discretion in determining whether these requirements have been met." *Rios v. Enterprise Association Steamfitters Local Union No. 638,* 520 F.2d 352, 355 (2d Cir.1975).

The initial requirement for intervention as of right is that a proposed intervenor must have an interest in the subject of the action. The interest must be direct, substantial and significantly protectable. *United States v. Carrols Development Corp.,* 454 F.Supp. 1215 (N.D.N.Y.1978), citing, *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). See *Athens Lumber Co. v. Federal Election Commission, supra,* 690 F.2d at 1366.

The essence of the intervenors' claim herein is that they are adversely affected by the final decree which set goals for blacks, Spanish-surnamed Americans and females, and therefore should be allowed to intervene in order to modify the final decree. In *Harper v. Kloster,* 486 F.2d 1134, 1137 (4th Cir.1973), blacks had obtained declaratory and injunctive relief against discriminatory practices in appointment and

promotion of firemen. Parties that would have been eligible for promotion but for the decision of the court sought to intervene in the action after judgment. The Court of Appeals, Fourth Circuit, agreed with the district court that the proposed intervenors should bring a separate action on the issue they raised rather than being allowed to intervene. In my judgment, the issue upon which the intervenors herein seek relief is separate and distinct from the particular issues presented and ruled upon in the final decree. The claims of discrimination alleged by the intervenors in regard to American Indians were never mentioned or involved in any way in this action. It is clear that the intervenors do not have a direct or substantial interest in this action; therefore, they are not entitled to intervention as of right.

The proposed intervenors have also failed to show that their interests would be impaired or impeded by a denial of intervention. Nothing prevents the proposed intervenors, if they be so advised, from vindicating their rights by way of an independent action. *See Rios v. Enterprise Association Steamfitters Local Union # 638, supra,* 520 F.2d at 357; *SEC v. Everest Management Corp.,* 475 F.2d 1236, 1239 (2d Cir.1972).

 Permissive intervention, sought alternatively by the proposed intervenors, is wholly discretionary with the trial court. *United States Postal Service v. Brennan,* 579 F.2d 188 (2d Cir.1978). Under Rule 24(b)(2), intervention may be permitted:

> when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In the present case, the intervenors claim that there are common questions of law and fact. However, the mere fact that the intervenors' complaint "tracks" the complaint of the plaintiff is not sufficient. *See Stewart v. James,* 519 F.Supp. 315 (E.D.N.Y. 1981). The allegations of discrimination in regard to American Indians which must be proved in order to be awarded relief are substantially different from the allegations already proved in a lengthy trial by the blacks, Spanish-surnamed Americans and females. Additionally, in practical terms, there would be no judicial economy in allowing the intervention since the American Indians still must prove their claims which have not been previously presented by the government complaint filed in this action.

 Furthermore, the proposed intervention, either as of right or by permission, is not "upon timely application" as Rule 24 requires. The timeliness of a motion for intervention should be determined from all of the circumstances. *NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Absent unusual and compelling circumstances, an application to intervene is untimely if the litigation has been concluded and judgment has been entered. *Crown Financial Corp. v. Winthrop Lawrence Corp.,* 531 F.2d 76, 77 (2d Cir.1976); *Firebird Society v. New Haven Board of Fire Commissioners,* 66 F.R.D. 457, aff'd mem., 515 F.2d 504 (2d Cir.), *cert. denied,* 423 U.S. 867, 96 S.Ct. 128, 46 L.Ed.2d 96 (1975). There is a presumption that a motion to intervene after entry of a decree should be denied except in extraordinary circumstances. *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania,* 674 F.2d 970 (3rd Cir.1982); *Commonwealth of Pennsylvania v. Rizzo,* 66 F.R.D. 598 (E.D.Pa. 1975).

In the present case, the intervenors have not demonstrated any extraordinary circumstances sufficient to overcome the presumption against intervention at this late date. The final decree in this action was entered nearly four years ago. The percentage formula urged by the government and authorized by settled law is attaining a fair representation of the particular groups in the New York State Police. The evidence is strong in the record that such balance improves respect and support for law enforcement and investigative functions. To their credit, the decree has been complied with carefully by New York State officials and to this date has resulted in a

satisfactory addition of minorities and females to the New York State Police which I described as "a superior police force comprised of outstanding and dedicated men and women." *United States v. State of New York, supra,* 475 F.Supp. at 1109. It would cause prejudice to the original parties to allow intervention at this time for claims unrelated to the original action.

For the above stated reasons, the proposed intervenors' motion for intervention pursuant to Fed.R.Civ.P. 24(a)(2) and (b)(2) is hereby denied. In view of this decision, the motion of intervenors for partial summary judgment, returnable Monday, September 19, 1983, is dismissed as moot.

It is so Ordered.