**UNITED STATES of America, Plaintiff,**

v.

**STATE OF NEW YORK, et al., Defendants.**

**No. 77–CV–343.**

United States District Court, N.D. New York.

Sept. 17, 1986.

Robert E. Ganz, Albany, N.Y., Craig G. Smith and Michael L. McMahon, for proposed intervenors.

Robert Abrams, Atty. Gen., Albany, N.Y., for defendants; Alan S. Kaufman, Asst. Atty. Gen., of counsel.

David L. Rose, Jane M. Ryan, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., for plaintiff.

## MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, Senior District Judge.

This action was commenced on September 8, 1977 by the filing of a complaint for the United States of America against the State of New York alleging discriminatory hiring practices by the New York State Police with respect to Negroes, Spanish-surnamed Americans and women. A trial of the serious issues was concluded before me after a trial of 24 days on July 21, 1978. A decision of 255 findings of fact and 36 conclusions of law was filed on September 6, 1979. On October 19, 1979, the final decree was agreed upon and entered. The important ruling relevant to discussion in this memorandum was the direction to the state defendants to include in their future appointments to the position of trooper <u>qualified</u> Negroes and Spanish-surnamed Americans totalling <u>approximately</u> 40% of each class until the total representation of such group of individuals <u>approximately</u> reflects their composition in the relevant labor market, which is 10.8% and 3.36% respectively. (underscoring supplied). The summary and explanation of my substantial decision and the history of the litigation to that point is reported in *United States of America v. State of New York*, 475 F.Supp. 1103 (N.D.N.Y.1979). Other important decisions by me in the action followed and are reported in 99 F.R.D. 130 (N.D.N.Y.1983) (denial of motion by American Indian to intervene), and 593 F.Supp. 1216 (N.D.N.Y.1984) (ruling that after a five day evidentiary hearing there was failure of proof on the part of the United States to support its contention that there existed an atmosphere of racial discrimination and harassment of some Negro and Hispanic memment of some Negro and Hispanic members of the 1981 Trooper Academy Class at the State Police Academy). Several unre-

ported decisions are important to the ruling to be made herein. One Memorandum-Decision and Order of November 18, 1977, pgs. 18–19, granted the motion of the defendants to join as defendants in the action certain named white males as individuals alleged to have an interest in the subject of the action. A Memorandum-Decision and Order of December 23, 1977 joined the nine individuals as defendants in the action, noting that they or their attorneys stated in affidavits that their interest in the lawsuit is identical to that of the Attorney General of the State of New York and they feel that their interest will be adequately represented by him.

On August 26, 1986, there was filed in the Clerk's office in Albany, New York a voluminous Notice of Motion and Motions supported by affidavits and Exhibits A through E in behalf of Craig G. Smith and Michael L. McMahon, and all those similarly situated, to intervene in this action pursuant to Fed.R.Civ.P. 24. Intervention is sought to assert the claims in a submitted proposed complaint, that Smith and McMahon, and their class if certified, are persons as white males who have been denied admission to the classes of the New York State Troopers Academy arising from the 1985 eligibility lists and have higher rankings than Blacks and Spanish-surnamed American males who have been offered admission to such classes with lower rankings, resulting in a reverse discriminatory impact upon white male applicants. The motion was made returnable by the proposed intervenors on Monday, September 15, 1986. A substantial memorandum of law was filed with the motion, and the return date for argument was changed upon request to Wednesday, September 17, 1986, to afford more time for briefs to be filed in behalf of the State of New York and the United States in response to the motion. Such briefs were filed on September 12 and September 15, 1986, and both are in strong opposition to the grant of the motion to intervene. Oral argument on the motion was heard today, September 17, 1986, at 10:00 A.M. If intervention is granted, included in the Notice is a motion pursuant to Fed.R.Civ.P. 60(b)(5) suspending and/or modifying the 40% Black and Spanish-surnamed American hiring goal applicable to the New York State Trooper applicants as ordered in the final decree entered October 19, 1979, and a motion pursuant to Fed.R.Civ.P. 23 certifying as a class all white male applicants whose ranking in the 1985 eligibility list would have caused them to be admitted but for the 40% minority hiring decree. A modification of a decree of the kind in this action is not easily attainable. *See United States v. N.A.A.C.P.*, 779 F.2d 881 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986).

The threshold motion for intervention is briefed as one to intervene as of right pursuant to Fed.R.Civ.P. 24(a), or alternatively, for permissive intervention pursuant to Fed.R.Civ.P. 24(b). In my judgment, after careful consideration and appraisal of all the circumstances and settled federal case law, the grant of the motion for intervention as of right or permissive intervention would be unwarranted and unjustified. Untimeliness is evident per se, when a seven year period has elapsed since the entry of the final decree deciding after a trial the issues in this action. An appeal was not filed from the final decree by the United States or the defendants, and its good faith implementation has resulted in a more acceptable representation of Negroes and Spanish-surnamed members on the New York State Police, that I have characterized from the beginning as a superior police force. *See* 475 F.Supp. at 1109.

The factors to be weighed on a motion for intervention have been extensively covered in text writings and opinions of the federal courts. Whether intervention is claimed as of right or as permissive under Fed.R.Civ.P. 24, the application must be timely, and timeliness is to be determined from all the circumstances. *N.A.A. C.P. v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973). A presumption exists that a motion to intervene after entry of a decree should be denied except in extraordinary circumstanc-

es. *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania,* 674 F.2d 970, 974 (3rd Cir.1982); *Crown Financial Corporation v. Winthrop Lawrence Corporation,* 531 F.2d 76, 77 (2d Cir.1976); *Firebird Society, Incorporated v. New Haven Board of Fire Commissioners,* 66 F.R.D. 457, 464–66 (D.Conn.), *aff'd. mem.,* 515 F.2d 504 (2d Cir.), *cert. denied,* 423 U.S. 867, 96 S.Ct. 128, 46 L.Ed.2d 96 (1975); 3B J. Moore & J. Kennedy, Moore's Federal Practice, ¶ 24.13 at 24–154–155 (2d ed. 1985). Knowledge of the entry of the decree and adequate representation by the original parties of the particular interest asserted by the proposed intervenor are important considerations. *Delaware Valley Citizens' Council,* 674 F.2d at 973; *Stotts v. Memphis Fire Department,* 679 F.2d 579, 586 (6th Cir.), *cert. denied,* 459 U.S. 969, 103 S.Ct. 297, 74 L.Ed.2d 280 (1982); *United States v. City of Chicago,* 796 F.2d 205 (7th Cir.1986); 7C C. Wright & A. Miller, *Federal Practice and Procedure,* Section 1909 (1986).

■■■ Consideration and application of those factors to the circumstances here, in my judgment, compel the denial of the threshold motion to intervene. Seven years have elapsed since the entry of the decree. The proposed intervenors Smith and McMahon, took the Troopers' examinations for several different years and obviously were not accepted for training even with high grades and knew of the 40% hiring of minorities directed in the decree. Their interest, as white males, to my knowledge from the trial of the case and prolonged consideration of the case after extensive briefing could not have been more vigorous and competent. When a state is a party to a lawsuit, involving a matter of sovereign interest, it is presumed to represent the interests of its citizens. *Delaware Valley Citizens' Council,* 674 F.2d at 973; *see also Stotts,* 679 F.2d at 579, 583 (6th Cir.), *cert. denied,* 459 U.S. 969, 103 S.Ct. 297, 74 L.Ed.2d 280 (1982).

My awareness of the impact of my final decree upon non-minorities should be evident from my summary Memorandum-Decision and Order of September 6, 1979. Portions shall be again stated:

> It is fully realized that there will be strong dissatisfaction and disagreement by many with and resentment to the rulings and conclusions herein made. It should be recognized, however, that personal interests at times have to be subordinated in order that important state and national interests can be properly served under controlling laws. In a progressive society, inequities cannot be ignored on the basis that they were caused by the conduct of previous generations for which the present generation shall bear no responsibility....

> In a democratic society, a police force that includes a reasonable proportion of members from the various groups of people that it serves will better be able to carry out its law enforcement functions, and will ensure full and fair utilization of human resources without regard to color of skin, origin of birth, or gender.

*United States v. State of New York, et. al.,* 475 F.Supp. at 1106, 1109.

This reasoning and its implementation in the final decree herein received approval in very recent opinions of the United States Supreme Court that attracted nationwide attention and stimulated nationwide discussion. In *Wygant v. Jackson Board of Education,* —— U.S. ——, 106 S.Ct. 1842, 1850, 90 L.Ed.2d 260 (1986), Justice Powell wrote:

> We have recognized, however, that in order to remedy the effects of prior discrimination, it may be necessary to take race into account. As part of this Nation's dedication to eradicating racial discrimination, innocent persons may be called upon to bear some of the burden of the remedy. "When effectuating a limited and properly tailored remedy to cure the effects of prior discrimination, such a 'sharing of the burden' by innocent persons is not impermissible." *Fullilove v. Klutznick,* 448 U.S. 448, 484, 100 S.Ct. 2758, 2778, 65 L.Ed.2d 902 (1980) (quoting *Franks v. Bowman*

*Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976)).

In cases involving valid *hiring* goals, the burden to be borne by innocent individuals is diffused to a considerable extent among society generally.... Denial of a future employment opportunity is not as intrusive as loss of an existing job.

In *Local 28 of Sheet Metal Workers v. E.E.O.C.,* —— U.S. ——, 106 S.Ct. 3019, 3054, 92 L.Ed.2d 344 (1986), Justice Brennan wrote:

> To summarize our holding today, six members of the Court agree that a district court may, in appropriate circumstances, order preferential relief benefitting individuals who are not the actual victims of discrimination as a remedy for violations of Title VII.

It should be noted that in a Reply affidavit filed by Attorney Ganz the morning before the oral argument, it is stated that one of the original intervenors, Craig B. Smith, advised his office on September 9, 1986 "that he had been called that day and asked to take a spot in the Trooper Class to begin on September 22, 1986". In a legal sense it seems that any claim in the motion and in the proposed complaint in his behalf is mooted.

In any event, the motion for leave to intervene in this action on behalf of proposed intervenors, Craig B. Smith and Michael L. McMahon and all those similarly situated is hereby denied and dismissed. In view of the Trooper Class being already noticed to commence at the State Police Academy on Monday, September 22, 1986, if an application for a stay of this order were to be made it would be denied at this District Court level. *See* Fed.R.Appellate Procedure 8(a).

It is so Ordered.