**UNITED STATES of America,**
**Plaintiff-Appellee,**

**Craig G. Smith and Michael L.**
**McMahon, Proposed**
**Intervenors,**

**Michael L. McMahon, Proposed**
**Intervenor-Appellant,**

v.

**STATE OF NEW YORK; William G. Connellie, Superintendent, New York State Police, Michael M. Ruddy, Daniel Voght, James W. Haker, Brendan Moran, Keith A. Gutbrodt, Donald J. Hudson, Jr., James C. Cox, Michael D. Dicamillo, and Edward K. Ludlum, Defendants-Appellees.**

No. 784, Docket 86–6220.

United States Court of Appeals,
Second Circuit.

Argued Feb. 27, 1987.

Decided June 4, 1987.

---

Robert E. Ganz, Albany, N.Y., for proposed intervenor-appellant, Michael L. McMahon.

Frank D. Allen, Jr., Civil Rights Div., Washington, D.C. (Wm. Bradford Reynolds, Asst. Atty. Gen., David K. Flynn, Attorney, Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., of counsel), for plaintiff-appellee, U.S.

Alan S. Kaufman, Asst. Atty. Gen. of the State of N.Y., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., O. Peter Sherwood, Sol. Gen., Albany, N.Y., of counsel) for defendants-appellees, The State of N.Y. and The Superintendent, New York State Police.

Before KAUFMAN and CARDAMONE, Circuit Judges, and BONSAL, Senior District Judge *.

* Honorable Dudley B. Bonsal, Senior Judge, United States District Court for the Southern

CARDAMONE, Circuit Judge:

The facts of this appeal lend little support to the view that all things come to those who wait. Here nothing came to appellant Michael McMahon, who waited until it was too late before making a motion to intervene. For lack of timeliness an order was entered in the Northern District of New York (Foley, J.) that denied his attempt to intervene in a suit before the district court. Although we come to the same conclusion as Judge Foley, we do so, for a different set of reasons.

## I BACKGROUND

Some background will aid in understanding the discussion that follows. The underlying litigation began in the mid–1970s when the United States sued the State of New York pursuant to § 707 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6 (1982), claiming that New York had discriminated against Black, Spanish-surnamed, and female applicants when hiring uniformed New York State Troopers. Following a trial, Judge Foley imposed a 40 percent minority hiring order on the state until minority representation in the state police is commensurate to their members in the labor market or until further order of the court for good cause shown. The district court order entered on September 6, 1979 identified the relevant labor market as being 10.8 percent Black and 3.36 percent Spanish-surnamed according to the 1970 census.

Seven years later—on August 26, 1986—appellant McMahon and co-intervenor Craig Smith filed a motion to intervene in this suit pursuant to Fed.R.Civ.P. 24, together with a complaint that sought to modify the 1979 order to provide that applicants be selected without respect to race, and to certify a class consisting of white male applicants who would have been admitted to the state police academy but for the 40 percent minority hiring quota. As alternative relief, McMahon and Smith sought to have the 40 percent figure reduced to reflect the actual percentage of minority applicants in the relevant labor market.

Appellant McMahon, a white male who has been employed as a dispatcher for the state police for seven years, alleges that he would have been admitted to the April 1986 academy class based on his May 1985 test score had not lower ranked minority applicants been preferred under the district court's order. Because he became 29 years of age in April 1986, Mr. McMahon has been notified that he is ineligible for future admission to the force. Craig Smith was admitted to the academy. McMahon alone, therefore, appeals the September 17, 1986 order that denied his motion to intervene. 112 F.R.D. 165.

## II DISCUSSION

■ Appellant argues that he should have been permitted to intervene as of right under Fed.R.Civ.P. 24(a)(2).[1] In order to intervene under Rule 24(a)(2) an applicant must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected. *See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 874 (2d Cir.1984). Failure to satisfy any one of these requirements is sufficient grounds to deny the application. *See United States v. City of Chicago,* 798 F.2d 969, 972 (7th Cir.1986), *petition for cert. filed,* 55 U.S.L.W. 3476 (U.S. Dec. 24, 1986) (No. 86–1065).

### A. *Timeliness*

■ The district court denied intervention as of right because it believed that due to the seven year hiatus from the 1979

District of New York, sitting by designation.

1. Fed.R.Civ.P. 24 provides that:
   (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or

transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

entry of the final decree until the 1986 filing of the motion, untimeliness was evident *per se*. This determination, reviewed on appeal for abuse of discretion, *United States v. Yonkers Board of Education*, 801 F.2d 593, 594–95 (2d Cir.1986), correctly concluded that the filing was untimely. But a lapse of time is only one of several factors to be considered when deciding timeliness under Rule 24(a)(2), and it is incorrect to adopt a *per se* rule focused solely on that factor. Instead, the determination must be based on all the circumstances of the case. *NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973); *Yonkers Board of Education*, 801 F.2d at 595.

■ Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness. *Deveraux v. Geary*, 765 F.2d 268, 270 (1st Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3337, 92 L.Ed.2d 742; *South v. Rowe*, 759 F.2d 610, 612 (7th Cir.1985); *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir.1984); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir.1977)

In examining (a) the interval between applicant's knowledge and his motion to intervene, the record reveals that McMahon took the troopers' examination in May 1985. At that time, he was aware of the quota system, and should have known that lower-scoring minority examinees would likely be selected before him. Appellant actually knew that he could no longer be selected when he turned 29 in April 1986. The motion to intervene was filed in August 1986, 15 months after McMahon knew or should have known of his interest and four months after he knew of his ineligibility. Such delay normally would render McMahon's motion untimely. *See, e.g.*, *Yonkers*, 801 F.2d at 595 (several months);

*United States v. City of Chicago*, 796 F.2d 205, 210 (7th Cir.1986) (three year delay), *cert. denied*, —— U.S. ——, 107 S.Ct. 1291, 94 L.Ed.2d 148 (1987); *United States ex rel. Marshall v. Alleghany-Ludlum Industries, Inc.*, 553 F.2d 451, 453 (5th Cir.1977) (per curiam) (seven and one half month delay), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978); *United States v. United States Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir.1977) (one year delay). *Cf. Stallworth*, 558 F.2d at 262 (one month delay not untimely).

With respect to (b) prejudice to existing parties, appellant sought to be admitted to the September 1986 academy class. His motion was brought in August 1986, one month before that class matriculated. The State of New York would obviously be greatly prejudiced were it required to reevaluate admittees one month before class work began. Concededly, McMahon will also (c) suffer prejudice by the denial of his motion because his rights, if any, to admittance to the state police academy will be foreclosed. Yet, without an age requirement waiver, appellant will not be accepted in the class in any event due to his age. Two additional (d) unusual circumstances support a finding of untimeliness. First, Appellant has taken the trooper's examination on several occasions—each time he was aware of the quota—and each time he was passed over for minority candidates. In fact, as a seven-year employee of the State Police, we assume his full awareness of the quota system and the requirements to gain admittance to the State Police Academy. But, he never sought to intervene until he was no longer eligible. Second, denying McMahon's intervention will not bar other eligible applicants from moving to intervene in a timely fashion. *Cf. Mumford Cove Association, Inc. v. Town of Groton*, 786 F.2d 530, 535 (2d Cir.1986) (*amici* status granted to applicants whose motion to intervene was denied).

■ Thus, it is plain upon reviewing these four factors that McMahon's motion to intervene as of right was untimely made. For the same reason, McMahon's motion for permissive intervention under Rule

24(b)(2) was also properly denied. *See NAACP v. New York,* 413 U.S. at 365, 93 S.Ct. at 2602–03.

### B. *Other Rule 24(a)(2) Requirements*

Because the district court relied upon another requirement of Rule 24(a)(2) in reaching its conclusion, we discuss those already recited criteria briefly. A Rule 24 interest must be significantly protectable and direct as opposed to remote or contingent. *Restor-A-Dent,* 725 F.2d at 874. Here McMahon has a direct and protectable interest in not being foreclosed from employment as a trooper on account of race. *See City of Chicago,* 798 F.2d at 973; *Bolden v. Pennsylvania State Police,* 578 F.2d 912, 918 (3d Cir.1978). *Cf. Kirkland v. New York State Department of Correctional Services,* 520 F.2d 420, 424 (2d Cir. 1975), *cert. denied,* 429 U.S. 823, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976). But, as noted, without an age-waiver, appellant is ineligible for academy admittance regardless of the quota. Inasmuch as there is no indication that such a waiver has been applied for, it appears that applicant McMahon does not have an interest that will be "impaired" by the continuing use of the quota.

The district court also concluded that the proposed intervenor's interest was vigorously and adequately represented by the State of New York in the original lawsuit. It believed that when the State is a party to a lawsuit, it is presumed to represent the interests of its citizens. That analysis does not apply in this case. A state is presumed to represent the interests of its citizens only when it is acting in the lawsuit as a sovereign. *See Delaware Valley Citizens' Council v. Pennsylvania,* 674 F.2d 970, 973 (3d Cir.1982). In the matter at hand the State of New York is a party to the lawsuit in its capacity as employer, not as a sovereign. Thus, the representation presumption is inappropriate. Further, McMahon is not challenging the propriety of the original quota remedy, but rather is arguing for the abandonment or modification of the quota based on changed conditions. With respect to *this* challenge, he is not adequately represented by an existing party. The United States, as the original plaintiff, has an interest in the continued use of the quota and—since the final decree—the State of New York has adopted new hiring measures that it has no incentive to change.

Nonetheless, as stated at the beginning of this discussion, a failure to meet *any* of Rule 24(a)(2)'s requirements provides sufficient grounds to deny a motion to intervene as of right. Hence, for the reasons earlier discussed, the denial of appellant's motion should be affirmed.

### III  CONCLUSION

The order denying intervention under either Fed.R.Civ.P. 24(a)(2) and (b)(2) is affirmed. Accordingly, the issues of class certification and the merits of quota modification are not reached or determined.

Order affirmed.