**Dawn RANGE, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a "Amtrak," and Consolidated Railroad Passenger Corporation d/b/a "Conrail," Defendants.**

**No. 95–CV–562H.**

United States District Court, W.D. New York.

Nov. 3, 1997.

---

Christopher C. Kerr, Buffalo, NY, Edward J. Murphy, III, Jeffrey Freedman Attorneys, Buffalo, NY, for Dawn Range.

James C. Gocker, Harris, Beach & Wilcox, Rochester, NY, for Defendants.

Ann Marie Boland, Buffalo, NY, for Medical Mutual of Ohio.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment. Non-party Medical Mutual of Ohio ("Medical Mutual") has brought a motion pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene as a defendant in this case. For the reasons that follow, the motion to intervene is granted.

### *BACKGROUND*

On June 8, 1995, this action was commenced by the filing of a summons and complaint in New York State Supreme Court. On July 12, 1995, the case was removed to this court pursuant to 28 U.S.C. § 1441(b). Discovery has been completed, and a jury trial is scheduled to begin on Tuesday, January 20, 1998.

· In her complaint, plaintiff seeks compensatory and punitive damages for personal injuries suffered as a result of the August 3, 1994 collision and derailment of Amtrak Train 49 near Batavia, New York. Plaintiff alleges causes of action against Amtrak and Conrail for negligence, intentional tort, and breach of statutory duty under the federal Safety Appliance Act, 45 U.S.C. §§ 1–46. Plaintiff also alleges a cause of action against Amtrak for breach of contract.

On July 16, 1997, Medical Mutual filed its motion for leave to intervene as a defendant in this action. Medical Mutual alleges that it is the assignee of the plaintiff's rights to any amounts recovered from defendants by way of settlement or judgment, pursuant to the subrogation clause of the Medical Mutual Plan (the "Plan") covering plaintiff's treatment for injuries suffered as a result of the August 3, 1994 derailment. The subrogation clause of the Plan provides:

### Subrogation

This provision applies whenever we pay benefits for Covered Services and you have the right to recover from another person, organization, or Insurer as a result of a negligent or wrongful act....

To the extent we provide or pay benefits for Covered Services, we assume your legal rights to any recovery of Incurred expenses.

To the extent we provide or pay benefits for Covered Services, you must repay us amounts recovered by suit, settlement or otherwise from any person, organization or Insurer.

(Ex. B to "Intervening Complaint," attached to Item 9). According to the "Confirmation of Payments" attached to the complaint in intervention, Medical Mutual paid $13,853.42 under the Plan on behalf of plaintiff to various health care providers for medical treatment rendered to plaintiff between February and July of 1995.

Defendants oppose the motion to intervene on the grounds that plaintiff's complaint does not contain a claim for past medical expenses, and that the motion is untimely. Plaintiff does not oppose the motion.

## DISCUSSION

Fed.R.Civ.P. 24 provides, in relevant part:

**(a) Intervention as of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(a), (b).

In this case, Medical Mutual seeks intervention as of right to recover the amounts it has paid to plaintiff as medical expenses for the treatment of injuries suffered as a result of the August 3, 1994 derailment. Intervention as of right under Rule 24(a)(2) is appropriate when an applicant (1) files a timely motion, (2) asserts an interest relating to the property or transaction that is the subject of the action, (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest, and (4) has an interest not adequately represented by the other parties. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994); *see also United States v. New York*, 820 F.2d 554, 556 (2d Cir.1987). The intervention application will be denied unless all four requirements are met. *U.S. v. Pitney Bowes, supra.*

The court therefore turns to an examination of whether Medical Mutual has met each of these requirements in this case.

## 1. Timeliness.

■ Defendants primarily object to the timeliness of Medical Mutual's application, which was filed on July 16, 1997. As stated in the *Pitney Bowes* decision:

Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*U.S. v. Pitney Bowes, supra* (citing *U.S. v. New York, supra,* 820 F.2d at 557).

### a. Notice of the Interest.

As set forth above, the medical services giving rise to Medical Mutual's subrogation claim were performed between February and July of 1995. Medical Mutual has submitted the affidavit of John D. Zoller, Esq., an Ohio attorney retained by Medical Mutual to pursue its subrogation claim against plaintiff. Mr. Zoller states that he was retained in October of 1995. In 1995 and 1996 he sent plaintiff several requests for information about the status of any personal injury claims related to the reimbursed medical service charges, but received no response. On February 26, 1997, Mr. Zoller commenced a breach of contract action against plaintiff in Ohio state court. On April 30, 1997, he was served with a motion to dismiss or stay the state court case due to the pendency of this federal court action (*see* Item 15).

Based on counsel's sworn statements, it is clear that Medical Mutual diligently pursued its subrogation interest after it arose in 1995, and filed its motion to intervene less than three months after it received notice that the interest might be affected by this action.

■ Defendants also contend that the motion to intervene is untimely because it was filed after the expiration of the statute of limitations. However, several courts have recognized that intervention by an insurance carrier to protect its subrogation rights is, in effect, a substitution of the real party in interest which relates back to the time of filing of the original complaint so as to prevent a statute of limitations bar. *See, e.g. Cummings v. United States,* 704 F.2d 437 (9th Cir.1983); *Wadsworth v. United States,* 511 F.2d 64 (7th Cir.1975); *St. Paul Fire & Marine Ins. Co. v. United States Lines Co.,* 258 F.2d 374 (2d Cir.1958); *Berry v. St. Peter's Hospital of the City of Albany,* 660 N.Y.S.2d 795 (Sup.Ct. Albany Co.1997).

### b. Prejudice to the Parties.

Plaintiff does not oppose the motion, and has not claimed prejudice. Defendants, on the other hand, claim that they would be prejudiced by allowing Medical Mutual to intervene at this late stage of the litigation when discovery has been completed and a trial date has been set.

However, the motion papers do not specifically identify the discovery that defendants claim will be necessary to assess Medical Mutual's subrogation claim. The complaint in intervention adequately sets forth the nature of the claim, and the confirmation of payments and subrogation language from the Plan are attached as exhibits to the complaint. Plaintiff does not dispute the existence or validity of the subrogation agreement, and does not dispute the amounts claimed by Medical Mutual as reimbursed medical expenses.

### c. Prejudice to the Applicant.

As discussed at somewhat greater length below, the parties have taken the position (despite the allegations in the pleadings) that past medical expenses are not at issue in the case. Accordingly, in the absence of intervention, Medical Mutual's subrogation interest in recovery of amounts paid for plaintiffs past medical expenses would be unrepresented, and its ability to protect that interest could be impaired.[1]

---

1. The motion papers do not address, and this

court therefore does not decide at this time, the

### d. Unusual Circumstances.

Neither the proposed intervenor nor the parties have presented any unusual circumstances about this case that would militate for or against a finding of timeliness.

### 2. Medical Mutual's Interest.

Defendants claim that Medical Mutual does not have an interest in this case because the complaint does not contain a claim for past medical expenses. However, in each cause of action plaintiff alleges that, as a result of defendants' conduct, she "has been caused and will be caused to incur and expend large sums of money for medical expenses, physicians services, hospital care, medical care and other health and medical expenses . . ." (Item 1, Ex. A, ¶¶ 25, 37, 45). Therefore, from the face of the underlying complaint, it cannot be determined by this court whether any judgment or settlement will include amounts as to which Medical Mutual may have a subrogation interest.

Aside from this objection, defendants have not disputed that Medical Mutual's interest in recovery of the amounts it paid on plaintiffs behalf for medical treatment resulting from injuries sustained in the August 3, 1994 derailment is related to the subject matter of the action.

### 3. Medical Mutual's Ability to Protect its Interest.

As already alluded to, since the parties assert that they are not actively litigating the issue of past medical expenses, Medical Mutual's ability to protect its interest in recovering from the judgment or settlement the amounts it paid on plaintiffs behalf would as a practical matter be impaired if it were denied the opportunity to intervene in this case.

### 4. Adequate Representation.

For the same reason, Medical Mutual's subrogation interest is not currently represented by the parties to the litigation.

█ Finally, although the motion papers do not address the issue, this court is not prevented by 28 U.S.C. § 1367(b) [2] from exercising supplemental jurisdiction over Medical Mutual's subrogation claim, even though adding Medical Mutual as a defendant in the case would apparently destroy diversity jurisdiction. *See Development Finance Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 161 (3d Cir.1995); *MCI Telecommunications Corp. v. The Logan Group, Inc.,* 848 F.Supp. 86, 89 (N.D.Tex.1994); 6 *Moore's Federal Practice* § 24,22[2](1997).

Accordingly, I find that Medical Mutual has met each of the requirements for intervention as of right under Fed.R.Civ.P. 24(a)(2). Leave to intervene in this action is therefore granted to Medical Mutual to allow it to protect its subrogation interest.

### CONCLUSION

For the foregoing reasons, Medical Mutual's motion for leave to intervene (**Item 9**) is GRANTED.

### SO ORDERED.

---

applicability or effect of the "collateral source rule," codified in New York at C.P.L.R. § 4545 (in personal injury action, court may reduce damages award by amount of collateral source (*i.e.,* insurance) payments).

2. 28 U.S.C. § 1367(b) provides:
   In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity of citizenship], the district courts shall not have supple-mental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.