**SOUTH DADE LAND CORPORATION,** Paul Dimare, Rosario Strano, Dimare Homestead, Inc., Frank's Tomatoes, Inc., Iori Farms, Inc., and Torcise & Bros. Farms, Inc., Plaintiffs,

v.

Gordon **SULLIVAN,** as Acting Secretary, U.S. Department of the Army, United States Army Corps of Engineers; Arthur E. Williams, as Chief of Engineers, and Terrence C. Salt, as District Engineer, U.S. Army Corps of Engineers; South Florida Water Management District, a political subdivision of the State of Florida; Valerie Boyd, as Chair, and Nathaniel Reed, Allan Milledge, Leah Schad, Eugene Pettis, William Hammond, Annie Betancourt, Betsy Krant and Frank Williamson, Jr., as members of the Governing Board of the South Florida Water Management District, Defendants,

and

The Wilderness Society; National Audubon Society; Florida Audubon Society, Defendants/Intervenors.

No. 93–2210–CV.

United States District Court, S.D. Florida, Miami Division.

Feb. 2, 1994.

William G. Earle, Earle & Patchen, P.A., Miami, FL, for plaintiffs.

Peter Outerbridge, Asst. U.S. Atty., Miami, FL, Stephen G. Bartell, U.S. Dept. of Justice, Washington, DC, for Federal defendants.

Joan Lawrence, South Florida Water Management Dist., West Palm Beach, FL, for South Florida Water Management Dist.

Paul J. Schwiep, Miami, FL, for intervenors.

## ORDER GRANTING LEAVE TO INTERVENE

EDWARD B. DAVIS, District Judge.

BEFORE THE COURT are Proposed Defendants/Intervenors Emergency Motion to Intervene, and Plaintiffs' Motions to Consolidate and to Vacate Stay.

Plaintiffs are landowners, lessors, and lessees of farmlands located in the East Everglades commonly known as the Frog Pond. Defendants the United States Army Corps of Engineers ("Corps"), Acting Secretary Sullivan ("Secretary"), Williams, and Salt (hereafter also referred to collectively as the "Federal Defendants") are responsible for the design, implementation, and continued supervision of a series of projects directing water flow in the Everglades and South Dade County. Defendant South Florida Water Management District ("WMD") is a political subdivision of the state of Florida which oversees the operation of the projects under the guidance of and in partnership with the Corps. The remaining individual defendants comprise the governing board of the WMD. The Proposed Intervenors are public interest organizations whose members use and enjoy Everglades National Park (the "Park").

Plaintiffs commenced this action for declaratory and injunctive relief, seeking to enjoin the Federal Defendants and the WMD from continuing to operate a Park water project at levels which the Plaintiffs maintained resulted in flooding of their farmland. The Plaintiffs filed an Emergency Motion for Temporary Restraining Order in conjunction with commencement of this action. Just prior to the Court's hearing on the TRO motion, the Proposed Intervenors sought leave to intervene and participate in both in the TRO hearing and the case as a whole. This Court granted the Proposed Intervenors leave to participate in the hearing, and now turns to

address their intervention motion with respect to the case as a whole.

■ The Federal Rules provide for two forms of intervention. Fed.R.Civ.P. 24. *Intervention as a matter of right* depends on either: 1) statutory grant of an unconditional right to intervene; or 2) interest of the intervenor in "the property or transaction which is the subject of the action" and disposition of the action which potentially may impair or impede the applicant's ability to protect its interest unless it is adequately represented by existing parties. Fed.R.Civ.P. 24(a). *Permissive intervention* is appropriate when: 1) statutory grant of a conditional right to intervene exists; or 2) the proposed intervenor's claim or defense shares questions of law or fact with the main action.[1] Fed.R.Civ.P. 24(b). For the reasons discussed below, the Proposed Intervenors have established a basis for intervention as of right, therefore the Court will grant them leave to intervene.

With Rule 24 as its basis, the Eleventh Circuit has articulated the appropriate circumstances for intervention absent a statutory grant of a right to intervene. A "timely"[2] applicant possessing a direct, substantial, and legally protectible interest in the subject matter of the suit may intervene as of right upon demonstrating that the litigation may "as a practical matter" affect its ability to protect that interest absent intervention and that existing parties may not adequately represent its interest. *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1477 (11th Cir. 1993).

### A. Legally Protectible Interest

The Proposed Intervenors claim that they have a legally protectible interest by virtue of their members' use and enjoyment of the Everglades ecosystem. In particular, they highlight the unique bird and wildlife observation available only at the Park. Additionally, the Proposed Intervenors emphasize its

members' interest in continual use and enjoyment of the Park. The Societies' members' interest in wildlife conservation and enjoyment of the Park's natural resources akin to those which the Ninth Circuit accepted as sufficient for intervention in *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (1983). The *Sagebrush* court reversed a district court denial of a motion to intervene filed by the National Audubon Society and various local chapters of the Society, finding that the Society's interest in protecting birds, other animals, and their habitats was an interest which other parties would not adequately address and which was of sufficient import to justify intervention. *Id.* at 526–28. This Court is of the opinion that the same concerns counsel in favor of permitting intervention in the case at bar.

■ Moreover, the Proposed Intervenors have established standing, which the Eleventh Circuit equates with legally protectible interest for purposes of intervention. *Meek*, 985 F.2d at 1480. The recent Supreme Court decision in *Lujan v. Defenders of Wildlife*, — U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) addressed the interests of environmentalist groups in the context of standing, requiring a showing that one or more of their members use the area in question and would be directly affected by the challenged conduct, apart from the group's special interest in the subject. *Id.* — U.S. at ——, 112 S.Ct. at 2139. The Proposed Intervenors presented a number of affidavits from members who use the Park and expect to continue enjoying the Park's resources, thus establishing a legally protectible interest for purposes of intervention.

### B. Impairment of Interest and Adequate Representation

■ When a proposed intervenor seeks to achieve the same objective as an existing party, that party is presumed to represent

---

1. Orders denying permissive intervention are reviewed for abuse of discretion. *Meek*, 985 F.2d at 1477.

2. Because of the early stage of the proceedings upon the filing of the Proposed Intervenors' motion, the timeliness element does not play a great

role in determining the propriety of intervention. *See Meek*, 985 F.2d at 1478–79 (identifying as critical to the timeliness question the length of time intervenor knew of interest, prejudice to other parties resulting from failure to apply sooner, and prejudice to intervenor if motion denied).

adequately the applicant's interest. *Meek,* 985 F.2d at 1477. The presumption is inappropriate, however, when some evidence exists to rebut it, requiring the reviewing court to make independent determination of the adequacy of representation of the applicant's interest. *Id.* Representation is adequate if 1) no collusion exists between the representative and an opposing party; 2) the representative does not have or represent an interest adverse to the proposed intervenor; and if 3) the representative does not fail in the fulfillment of its duty. *Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 215 (11th Cir.1993). An applicant's burden, however, is minimal, consisting of a showing that representation of its interest "may be" inadequate. *Meek,* 985 F.2d at 1478 (*citing Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972)).

The impairment of interest and adequate representation prongs in the instant action converge, because the Societies' basis for intervention is that the government's position that maintaining the current levels of water in the Park is appropriate is itself jeopardizing their members' use and enjoyment of the Park. The Proposed Intervenors argue that the government's position does not recognize the continued need for even greater water supply to the Park, and that without a presence voicing that need, the Everglades habitat will continue losing its vitality, endangering their members' enjoyment of the Park resources. The Societies' position is well taken and, in this Court's opinion, states a sufficient basis to meet both remaining elements required for intervention. Moreover, the Proposed Intervenors' special expertise regarding wildlife will permit them to represent that special interest in a manner the remaining Defendants could not adequately meet.

Additionally, the Plaintiffs moved to consolidate this action with Case No. 83–1210–CIV–EBD, an earlier case involving similar issues, and to vacate a stay entered in that case. Because the Court deems consolidate unnecessary, and the motion to vacate the stay in the earlier case was inappropriately filed in the instant action, the Court will deny both motions.

Accordingly, it is

ORDERED AND ADJUDGED that

■ Proposed Defendants/Intervenors' Emergency Motion to Intervene is GRANTED;

■ Plaintiffs' Motions to Consolidate is DENIED;

■ Plaintiffs' Motion to Vacate Stay is DENIED as MOOT.

DONE and ORDERED.