Richard D. BROOKS, Plaintiff,

v.

SUSSEX COUNTY STATE BANK, Defendant.

Joan R. Brooks, Movant.

No. 95–CV–1595.

United States District Court, N.D. New York.

June 7, 1996.

---

Fritzsch and Nadel, Binghamton, NY (Craig R. Fritzsch, of counsel), for Plaintiff.

Kovach, Fitzgibbons & Goovaerts, Franklin, NJ (Donald L. Kovach, of counsel), for Defendant.

Levene, Gouldin & Thompson, L.L.P., Binghamton, NY (Cynthia Ann K. Manchester, of counsel), for Movant.

## ORDER

HURD, United States Magistrate Judge.

■ This action was originally commenced on November 8, 1995, by the plaintiff Richard Brooks, to recover $45,000 from the defendant Sussex County State Bank (the "Bank").[1] Presently before this court is a Fed.R.Civ.P. 24(a) motion by Joan R. Brooks to intervene as a party defendant. Joan R. Brooks is the plaintiff's former wife.

## I. FACTS

Richard D. Brooks and Joan R. Brooks ("Ms. Brooks") were married in New Jersey on July 8, 1989. On June 20, 1989, (prior to their marriage), Ms. Brooks was injured in an automobile accident and eventually received compensation in the amount of $60,000. This money was placed in a joint bank account held by Mr. and Mrs. Brooks at the Bank. In order to withdraw money from this account, both parties were required to sign a withdrawal slip. In November 1994, the plaintiff withdrew $45,000 from this joint

account and received a treasurer's check. Ms. Brooks notified the Bank that the withdrawal was performed without her approval, and that the plaintiff had forged her name on the withdrawal slip. Acting on this information, the Bank stopped payment on the check preventing the plaintiff from accessing those funds. The Bank then placed the funds in a separate account.

On May 26, 1995, Mr. and Mrs. Brooks were divorced, and an equitable distribution hearing was held in August 1995. In a decision dated September 14, 1995, the Honorable Patrick D. Monserrate, Justice, New York State Supreme Court of Broome County, determined that the balance of the joint bank account ($16,717.72) was the property of Ms. Brooks since it had been acquired as compensation in her personal injury action. In a subsequent decision dated October 18, 1995, the $45,000 which is the subject of the instant action was also awarded to Ms. Brooks. In the first equitable distribution hearing, the court was unaware of the $45,000 because the Bank had placed the money in an "internal" account. The court determined that the purpose of the first order was to award the entire balance of the joint bank account to Ms. Brooks because the funds in the account were compensation to her for personal injuries she sustained prior to the marriage. The court clearly stated that the funds in both the joint account and the account which the Bank had established with the $45,000 were the property of Ms. Brooks. In short, Ms. Brooks holds a valid judgment from the New York State Supreme Court for the $45,000 which is the subject of this litigation.

On November 6, 1995, in this court, the plaintiff filed an action against the Bank to recover the $45,000 which it had issued to him by treasurer's check, but had subsequently failed to honor. On January 19,

---

1. The court is careful to note that the jurisdictional basis set forth by the plaintiff in this action is diversity, pursuant to 28 U.S.C. § 1332 which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs...." The $45,000 in controversy in this action is below the required amount to obtain diversity jurisdiction.

However, a motion to dismiss based upon a lack of jurisdiction is not before the court at this time. Furthermore, a motion to dismiss based upon a lack of jurisdiction is dispositive in nature and must be addressed by the Honorable Thomas J. McAvoy, Chief Judge of the Northern District of New York who is the assigned District Court Judge in this matter.

1996, the Honorable Robert S. Rose, Justice, New York State Supreme Court of Broome County, ordered the Bank to submit the $45,-000 to the Treasurer of the County of Broome ("Treasurer"), pending the resolution of the action before this court. Judge Rose further ordered that should the action before this court be dismissed with prejudice, Ms. Brooks was to receive the funds. If a different outcome resulted, the funds were to be held subject to further orders of the Supreme Court of Broome County upon application of any of the parties.

This court must now decide whether Ms. Brooks meets the requirements to intervene as of right.

## II. *DISCUSSION*

The Federal Rules provide that a party may intervene as of right in certain circumstances.

> Upon timely application, anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). The Second Circuit has echoed the standard set forth in Fed.R.Civ.P. 24(a) in *American Lung Ass'n v. Reilly*, 962 F.2d 258 (2d Cir.1992).

> To merit consideration for intervention under rule 24(a)(2), a movant must (1) file a timely application, (2) claiming an interest relating to the property or transaction which is the subject of the action, (3) with the movant so situated that the disposition of the action may as a practical matter impede the movant's ability to protect its interest, (4) unless the movant's interest is adequately represented by existing parties.

*Id.* at 261 (citing *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir.1990) and *Restor-A-Dent Dental Lab. v. Certified Alloy Prods.*, 725 F.2d 871, 874 (2d Cir.1984)).

■ "Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994) (citing *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973)). The court suggested the following four factors in considering whether a motion to intervene is timely: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.* (citing *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987)). A party wishing to intervene must have "an interest ... [which is] direct, substantial, and legally protectable." *Washington Elec. Coop, Inc.*, 922 F.2d at 97 (citing *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971)). In order to evaluate the motion to intervene, the four factors of timeliness, interest, ability to protect that interest, and the possibility of adequate representation by the existing parties will be analyzed in turn.

### A. *Timeliness*

■ First, the court will consider the timeliness of the motion to intervene by examining the four factors set forth in *United States v. Pitney Bowes, Inc.*, 25 F.3d at 70. Ms. Brooks filed a motion to intervene on February 22, 1996, slightly more than two months after the complaint was filed. *Cf. United States v. New York*, 820 F.2d at 557 (seven year hiatus from entry of final decree to filing motion was untimely); *Deveraux v. Geary*, 765 F.2d 268, 270 (1st Cir.1985) (movant's knowledge of action for four years prior to motion considered untimely); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 262–65 (one month delay not untimely).

In the instant case, no prejudice in the form of delay will result to the existing parties if the movant's request is honored, because there was only a short period of time between the commencement of the action and Ms. Brooks' motion to intervene. *See United States v. Pitney Bowes, Inc.*, 25 F.3d at 70.

Further, as will be discussed, Ms. Brooks has a substantial interest in this litigation. Thus, substantial prejudice would result if the motion were denied. Finally, no unusual circumstances exist in this case that would support the denial of the motion to intervene on the basis of timeliness. Thus, the application was timely.

### B. *Interest Relating to the Property*

 Second, Ms. Brooks has a direct and substantial interest in the property at stake which is legally protectable. *Washington Elec. Coop. Inc.*, 922 F.2d at 97. The $45,000 which is the subject of this lawsuit is inextricably intertwined with Ms. Brooks. First, the money was originally obtained by Ms. Brooks through the settlement of a personal injury action stemming from an automobile accident which occurred prior to her marriage to the plaintiff. Second, the money was removed from a joint bank account held by Mr. and Mrs. Brooks. Third, and possibly the most poignant illustration of Ms. Brooks' interest in this litigation, is the fact that she holds a valid judgment entitling her to the $45,000 in question. "Where an interest is claimed in a particular property or fund as to which ownership or other rights are disputed in the litigation, the existence of the required interest, and thus the right to intervene, is usually apparent." 3B James W. Moore et al., Moore's Federal Practice, ¶ 24.07[2] at 24–55 (2d ed. 1995) (citing *Calvert Fire Ins. Co. v. Environs Dev. Corp.* 601 F.2d 851 (5th Cir.1979) (contractor had right to intervene in insurance settlement action because owner of building had breached contractual duty)); *see also United States v. New York*, 820 F.2d at 558 (police officer had a direct and protectable interest in not being prevented from employment based on race); *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F.Supp. 870, 875 (S.D.N.Y.1991) (movant who secured letter of credit and is owner of collateral securing credit has protectable interest). Thus, Ms. Brooks has a legally protectable interest in this action.

### C. *Disposition of Action and Potential to Impair or Impede Interest*

 Third, if this matter is resolved without the presence of Ms. Brooks, her efforts at obtaining the funds to which she may be entitled would certainly be impeded. *United States v. Pitney Bowes, Inc.*, 25 F.3d at 70. The court is aware that "the mere fact that the first action may decrease the ability of the intervenor to collect a potential judgment against the defendant is insufficient to be considered a substantial impairment of an interest for the purposes of Rule 24(a)(2)." *Jet Traders Inv. Corp. v. Tekair, Ltd.*, 89 F.R.D. 560, 570 (D.Del.1981). However, the case at bar does not involve a movant who is seeking to obtain a judgment against an adverse party. Rather, Ms. Brooks seeks intervention to protect a possessory interest that already exists. *See Calvert Fire Ins. Co.*, 601 F.2d at 858.

If this court finds in favor of the plaintiff in the current action, the Bank would be obligated to pay him $45,000. Should this occur, the Bank could then bring suit against Ms. Brooks to recover the funds which it placed with the Treasurer. Thus, Ms. Brooks could lose the funds, essentially defeating the judgment she holds. It would then be necessary for Ms. Brooks to sue her former husband in a separate action in order to secure what may rightfully be hers.

In a second scenario, should the plaintiff prevail in this court, he and the Bank could then proceed to New York State Supreme Court with a valid judgment from this court which would conflict with the valid judgment presently held by Ms. Brooks for the funds in dispute. With a judgment from this court, the plaintiff could obtain an order from the New York Supreme Court instructing the Treasurer to disburse the funds to him. Once again, the judgment which Ms. Brooks holds would be defeated, and she may have to sustain an action against the plaintiff to recover the funds, which by that time, may no longer exist. Thus, Ms. Brooks would be impeded from obtaining the funds in question if she were not permitted to intervene.

### D. *Interest Not Adequately Represented by Existing Parties*

 Finally, Ms. Brooks' interest in the property in question is not adequately represented by the parties who are currently in the action. "Whether or not representation of an intervenor's interest by existing

parties is to be considered inadequate hinges upon whether there has been a showing of '(1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence.'" *British Airways Bd. v. Port Auth. of N.Y. and N.J.,* 71 F.R.D. 583, 585 (S.D.N.Y.1976) (citing *United States v. International Business Machs. Corp.,* 62 F.R.D. 530, 538 (S.D.N.Y.1974); *see also South Dade Land Corp. v. Sullivan,* 155 F.R.D. 694, 697 (S.D.Fla.1994) ("[r]epresentation is adequate if 1) no collusion exists between the representative and an opposing party; 2) the representative does not have or represent an interest adverse to the proposed intervenor; and if 3) the representative does not fail in the fulfillment of its duty.") (citations omitted). However, the burden upon the movant is only to show that the representation "may be" inadequate. *Trbovich v. Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972) (citing 3B James W. Moore et al., Moore's Federal Practice, ¶ 24.09–1[4] (1969)).

Certainly, neither the plaintiff nor the Bank sufficiently represents Ms. Brooks' interests. The plaintiff wishes to obtain the funds for his private use, an aim which is clearly adverse to the interests of Ms. Brooks. *See British Airways Bd.,* 71 F.R.D at 585. As discussed earlier, the Bank may have an adverse interest to Ms. Brooks since it may find it necessary to file an action against her to procure the $45,000 depending upon the outcome of this case. See *id.* Further, since the Bank is indifferent with respect to which claimant ultimately acquires the funds, and since it has no incentive to resolve the matter quickly, a question exists as to the "possible nonfeasance" of the Bank in resolving this matter. *See id.* Thus the existing parties "may be" inadequate to represent Ms. Brooks. See *Trbovich,* 404 U.S. at 538 n. 10, 92 S.Ct. at 636 n. 10. Thus, the final prong is also satisfied. Therefore, Ms. Brooks has met each prong of the test and should be allowed to intervene.

### E. *Jurisdiction*

██ When this action was filed, jurisdiction was sought through diversity. *See* 28 U.S.C. § 1331. The court notes that by adding Ms. Brooks, a New York resident, as a party to this action, jurisdiction by diversity is not destroyed. "'It has been held that jurisdiction is not lost by ... intervention or joinder [which destroys complete diversity] if the new parties are not indispensable but merely conditionally necessary parties to the suit....[sic]'" *New York State Ass'n for Retarded Children v. Carey,* 438 F.Supp. 440, 445 (E.D.N.Y.1977) (quoting *City of Orangeburg v. Southern Ry. Co.,* 134 F.2d 890, 894 (4th Cir.1943); *see also Phelps v. Oaks,* 117 U.S. 236, 239, 6 S.Ct. 714, 715, 29 L.Ed. 888 (1886). Since this action could be decided without the presence of Ms. Brooks, she is not an indispensable party, and thus her presence does not destroy diversity.

Accordingly, it is

ORDERED that

1. The motion of Joan R. Brooks to intervene as a party defendant is GRANTED;

2. Joan R. Brooks is made a party defendant;

3. Joan R. Brooks shall file her answer to the complaint within twenty (20) days from the filing of this order in the same manner as if named as an original party.

IT IS SO ORDERED.