Philip **SCHWARTZ,** Frieda Strangler, **Lula S. Howell, Lester W. Schlumpf,** Josephine Verde, Salvatore Verde, Barbara Kreindler, Luis A. Caminero, Elizabeth Caminero, John White, Marcia White, Arleen Rossi, Henry W. Rossi, Stanley Elkind, and Stephanie Elkind, **Petitioners,**

v.

**TOWN OF HUNTINGTON ZONING BOARD OF APPEALS,**
**Respondent,**

and Sunrise Development, Inc., Dignity Home Care, Inc. and "John Does" Nos. 1–76, Intervenor–Respondents.

**No. 00–CV–912(ADS)(VVP).**

United States District Court,
E.D. New York.

March 24, 2000.

Laurence S. Jurman, Melville, NY, for Petitioners.

Kevin G. Snover, North Babylon, NY, for Town of Huntington Zoning Board of Appeals.

Bleakley, Platt & Schmidt (James W. Glatthaar, of Counsel), White Plains, NY, for Intervenor–Respondents.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is the motion by Sunrise Development, Inc. ("Sunrise"), Dignity Home Care, Inc. ("Dignity") and John Does 1–76 to intervene in this action. Sunrise seeks to construct, and Dignity seeks to manage, a congregate care facility on Deer Park Avenue in the Town of Huntington. In 1997, Sunrise entered into a purchase and sale agreement for the property, and applied to the Town of Huntington Zoning Board of Appeals ("Zoning Board") for a special use permit to authorize construction in an otherwise residential area. Following several rounds of litigation, in September of 1999, the Zoning Board issued a negative declaration, finding that Sunrise's application had no significant environmental impact. On Octo-

ber 21, 1999, the Zoning Board issued the special permit requested by Sunrise.

On January 26, 1999, the Petitioners, residents of the neighborhood in Huntington where Sunrise seeks to construct the facility, filed an Article 78 proceeding in Supreme Court, Suffolk County, seeking to annul the determination of the Zoning Board with regard to Sunrise's application. The case was then removed to this Court. Sunrise, Dignity, and John Does 1–76, who are identified as future residents of Sunrise's facility, now move to intervene in this action.

 To intervene as a matter of right, a party must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *U.S. v. City of New York*, 198 F.3d 360, 364 (2d Cir.1999); *see also* Fed.R.Civ.P. 24(a); *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir.1996). A motion to intervene is confined to the sound discretion of the trial court, and reviewed on appeal only for abuse of that discretion, since only the district judge has the "feel of the case" necessary to "weigh the advantages to be derived" from intervention. *American Lung Assn. v. Reilly*, 962 F.2d 258, 261 (2d Cir.1992).

 Turning to each of the elements, the Petitioners concede the first element, that the motion to intervene is timely.

 Next, the Court finds that Sunrise and Dignity have a real and substantial interest in the lawsuit. Sunrise and its subsidiary Dignity have already been awarded a special use permit by the Zoning Board, and the Petitioners in the instant action seek to have that permit annulled. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 379 (2d Cir. 1995) (special use permit, once issued, unquestionably becomes protectible property of the person it is issued to). However, the Court finds that John Does 1–76, who are merely identified as the future residents of the facility, do not have an interest in the litigation, and thus, are not entitled to intervene. *See Rector, Wardens, and Members of Vestry of St. Bartholomew's Church v. City of N.Y.*, 914 F.2d 348, 360 (2d Cir.1990) (holding that members of a church congregation lacked sufficient interest to support intervention in an action by the church itself challenging the designation of the church as a landmark).

The third element of the test examines whether the movant's property interest may be impaired by the outcome of the action. There is no question here that, if the Petitioners are successful, Sunrise's special use permit will be annulled. Thus, Sunrise has demonstrated that its property interest in the action may be impaired by the outcome.

 Finally, the Court must determine whether Sunrise's interests are adequately represented by the Zoning Board in this case. Representation is not inadequate simply because "the applicant would insist on more elaborate ... pre-settlement procedures or press for more drastic relief, or where the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *U.S. v. City of New York*, 198 F.3d at 367; *Washington Elec. Cooperative, Inc. v. Massachusetts Municipal Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990). Generally, Sunrise would need to demonstrate that it has a legal interest that not only differs from the Zoning Board's interest, but would permit Sunrise to assert a justification for the law that could not be equally asserted by the Zoning Board. *Great Atlantic and Pacific Tea Co. v. Town of East Hampton*, 178 F.R.D. 39, 42 (E.D.N.Y.1998).

Sunrise has provided its proposed answer to the petition, and all of the defenses raised by Sunrise in the answer are defenses that the Zoning Board is equally competent to raise. Nevertheless, this Court finds that the dispute over Sunrise's project has a peculiar and contentious history, including an effort by the Town of Huntington to remove congregate care homes from the list of permissible special uses—an effort that was overturned by this Court; the Zoning Board's issuance of a prior finding that Sunrise's project would have a significant environmental impact—a finding that was vacated by this Court; and a second finding by the Zoning Board of significant environmen-

tal impact that the Zoning Board voluntarily agreed to reconsider. In light of the adversarial litigation posture taken by the Zoning Board in prior legal proceedings between Sunrise and the Zoning Board, the Court finds that, even though it does not assert separate or different legal defenses, Sunrise has made a sufficiently strong showing that its interests are not adequately protected by the Zoning Board in this matter. *U.S. v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 985–87 (2d Cir.1984) *citing Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).

Therefore, the motion to intervene by Sunrise and Dignity is GRANTED. The motion to intervene by John Does 1–76 is DENIED.

**SO ORDERED.**