In re ARTER & HADDEN,
LLP, Debtor.

Marc P. Gertz, Chapter 7
Trustee, Plaintiff,

v.

JVC Americas Corp., Inc. and John
T. Lillis, Defendants.

Bankruptcy No. 03–23293.
Adversary No. 05–1475.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 8, 2006.

See also 2006 WL 620953.

Barbara Mandell, Los Angeles, CA, for Debtor and Defendant.

Paul E. Harner, Columbus, OH, Ryan Routh, Cleveland, OH, for Debtor.

Susan de Resendiz, Mark S. Melickian, Gardner, Carton & Douglas LLP, Chicago, IL, Robert Scott Lawrence, Collette, Erickson, Farmer & O'Neill LLP, San Francisco, CA, for Defendants.

Robert S. Bernstein, The Bernstein Law Firm, P.C., Charles E. Bobinis, Pittsburgh, PA, Michael A. Steel, Robert M. Gippin, Goldman & Rosen, Ltd., Irving B. Sugerman, Karen Kelly Grasso, Akron, OH, Joseph R. Spoonster, Lasko & Lind Co., LPA, Cleveland, OH, Robert M. Horkovich, Anderson Kill & Olick, P.C., New York, NY, for Plaintiff.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

Before the Court is the motion of Gerald M. Fisher ("Fisher") to intervene in the above captioned adversary proceeding. The Plaintiff Marc P. Gertz, Chapter 7 Trustee for the Debtor (the "Trustee"), has filed an opposition to Fisher's motion.

The Court acquires core matter jurisdiction over this proceeding under 28 U.S.C. § 157(b) and General Order No. 84 of this District. Upon an examination of the par-

ties' respective briefs and supporting documentation, and after conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

*

In April 2002, JVC Americas Corp., Inc. ("JVC") retained John T. Lillis, Jr. ("Lillis") to perform legal services in connection with the theft of certain JVC property (the "JVC Litigation"). Lillis, in turn, retained Arter & Hadden, LLP (the "Debtor"). Fisher was a partner of the Debtor, and was involved in the JVC Litigation until the Debtor's dissolution in July 2003. After the dissolution, Fisher's new firm, Lord Bissell & Brook, LLP ("LBB") was retained to replace the Debtor in the JVC Litigation. The subject proceedings were eventually resolved, with the settlement proceeds being distributed through Lillis' office.

On September 15, 2005, the Trustee initiated the above captioned adversary proceeding to recover $118,639.10 for unpaid legal services allegedly owed to the Debtor (the "funds") for services provided in connection with the JVC Litigation. The named defendants in the proceeding are JVC and Lillis. The disputed funds remain in a trust account maintained by Lillis.

LBB has assigned its interest in the attorneys fees to Fisher. Fisher believes that he is entitled to $114,000 of the funds. Fisher now seeks to intervene as a defendant in the adversary proceeding.

* *

Fisher argues that he is entitled to intervene by Federal Rule of Civil Procedure 24(a), which provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R.CIV. P. 24(a).

The Sixth Circuit has "interpreted Rule 24(a) as establishing a four-prong test that must be satisfied in order for the district court to grant intervention as of right: (1) the application for intervention is timely; (2) the applicant has a substantial legal interest in the action; (3) the applicant's ability to protect that interest may be impaired in the absence of intervention; and (4) the existing parties do not adequately represent the applicant's interest. The applicant has the burden of demonstrating the four prongs, and the failure to satisfy any of the four prongs prevents the applicant from intervening as of right." *Johnson v. City of Memphis*, 73 Fed.Appx. 123, 131 (6th Cir.2003) (citations omitted). The Court's determination of the right to intervene is subject to *de novo* review, with the exception of the Court's finding on timeliness of the intervenors' request, which is reviewed for an abuse of discretion. *Liberte Capital Group, LLC v. Capwill*, 126 Fed.Appx. 214, 217 (6th Cir.2005). "Courts construe the rule liberally and in favor of the proposed intervenor." *Martin v. Correction Corp. of America*, 231 F.R.D. 532, 536 (W.D.Tenn.2005).

The Trustee concedes, for present purposes, that Fisher has made a timely application for intervention, and that he has a legal interest in the action. Therefore, the issues remaining are whether Fisher has met his burden of showing that his ability to protect that interest would be impaired

if he is not permitted to participate in the action, and that neither JVC nor Lillis adequately represents his interests.

\* \* \*

### 1. *Impairment*

■ "To satisfy this [impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1247 (6th Cir.1997) (citing *Purnell v. City of Akron,* 925 F.2d 941, 948 (6th Cir.1991)).

■ Fisher argues that his interest in the funds would be impaired if intervention is denied, since a determination by this Court regarding the entitlement to the funds would, as a practical matter, impair and impede any future efforts by Fisher to obtain his asserted portion of the funds. The Trustee responds that intervention would unnecessarily complicate proceedings in this Court, and that there would be the risk of varying adjudications as to the entitlement to the escrowed funds. The risk of varying adjudications, however, supports Fisher's contention that his rights could be impaired if he is not permitted to intervene. Fisher asserts that he is entitled to some portion of the funds currently held by Lillis. If the Trustee is unsuccessful, Lillis and Fisher may apportion the funds amongst themselves. If the Trustee is successful in this litigation, however, the funds will be removed from escrow and remitted to the Trustee. This would certainly impair or impede Fisher's efforts to recover the portion of the funds to which he claims an entitlement. *See San Juan County, UT v. United States,* 420 F.3d 1197, 1211 (10th Cir.2005) ("Where a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene."); *Chiles v. Thornburgh,* 865 F.2d 1197, 1214 (11th Cir.1989) ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential stare decisis effect may supply that practical disadvantage which warrants intervention as of right."). It is conceivable that disposition of the Trustee's action could further impair Fisher's rights, since the Trustee has also filed a separate adversary proceeding against Fisher relating to funds that Fisher receives from the JVC Litigation.

### 2. *Inadequate representation*

■ "Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit. This burden has been described as minimal because it need only be shown that there is a potential for inadequate representation. Nevertheless, applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan,* 424 F.3d 438, 443–44 (6th Cir.2005) (citations omitted); *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179 (2d Cir.2001) (citations omitted) ("While the burden to demonstrate inadequacy of representation is generally speaking 'minimal', we have demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective."). "However, the burden upon the movant is only to show that the representation 'may be' inadequate." *Brooks v. Sussex County State Bank,* 167 F.R.D. 347, 352 (N.D.N.Y. 1996) (citing *Trbovich v. Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)).

It is arguable that Lillis and Fisher share the same ultimate objective in this adversary proceeding, which is to show that the Trustee is not entitled to the funds in escrow. Fisher and Lillis, however, have adverse interests regarding their respective rights to the disputed funds. Fisher alleges that he has a right to most, if not all, of the funds. Even if Lillis obtained a successful outcome in the adversary proceeding, he may ultimately recover none of the funds in dispute. Therefore, Lillis may have a lesser incentive to defend the adversary proceeding than Fisher, and may not adequately represent Fisher's interests.

\* \* \* \*

Accordingly, Fisher's motion to intervene is well-premised, and is hereby granted. The Trustee's objection is hereby overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**